Valley Natl. Bank v Paige One, LLC (2021 NY Slip Op 01224)





Valley Natl. Bank v Paige One, LLC


2021 NY Slip Op 01224


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 657354/17 Appeal No. 13208 Case No. 2020-03635 

[*1]Valley National Bank, Plaintiff-Respondent,
v
Paige One, LLC, Defendant-Appellant.


Klestadt Winters Jureller Southard & Stevens, LLP, New York (John E. Jureller, Jr. of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York (Bruce S. Goodman of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered January 29, 2020, which denied defendant's motion for summary judgment dismissing the amended complaint, unanimously affirmed, with costs.
Pursuant to a number of participation agreements, defendant assigned a number of loans to plaintiff, including, in June 2016, about 88% of the subject Muspass loan. The relevant participation agreement contained a buyback provision, requiring defendant to buy back the loan upon the borrower's default and a buy back demand from plaintiff. In May 2017, defendant assigned the balance of the Muspass loan to plaintiff, along with assignments of a quantity of other loans. The assignment agreement noted that, on the same date, the parties would be executing a termination agreement terminating the various participation agreements.
On the same day, the parties entered into the termination agreement, which, consistent with the assignment agreement, recited that the participation agreements were being terminated. The termination agreement specified, however, that "[n]otwithstanding the foregoing, [plaintiff] shall have the option to enforce the buyback provision of the Participation Agreement for those loans designated as 'Buyback Loans' in Schedule A." The attached "Schedule A" listed 17 loans, including the Muspass loan. Of these loans, the Muspass loan and one other contained buyback provisions; however, neither the Muspass loan nor any other loan listed in Schedule A was labeled or otherwise denoted to be a "Buyback Loan" on the face of the schedule.
It is not clear from the face of the termination agreement and its attached Schedule A whether any of the loans listed in the schedule, including the Muspass loan, was "designated" a Buyback Loan. "Designate" means "to mark or point out; indicate; show; specify" (http://www.dictionary.com [last accessed Jan. 27, 2021]). It is simply not clear whether the parties intended that all of the loans listed on Schedule A were "designated" Buyback Loans, or whether they intended that only loans specified as such in the schedule so qualified.
We do not find dispositive the contention that construing "designate" to encompass only loans specifically labeled as such in Schedule A would render meaningless the "designated" language in the termination agreement, because there are no loans so labeled in the schedule (see LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 5 [1st Dept 2019]; Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc., 112 AD3d 78, 83 [1st Dept 2013]). It is possible, as one of defendant's representatives suggested in deposition, that the parties intended "designate" to mean "specifically labeled," but, through mistake or omission, they neglected to do so in Schedule A, or inadvertently substituted an incorrect schedule. Moreover, only 2 of the 17 loans listed in Schedule A contained any buyback provision. Hence, construing "designate" to mean, conversely, all of the loans [*2]listed in Schedule A, could lead to an unsustainable result, since most of the loans so designated would have no buyback provision (see Warberg, 112 AD3d at 83-84).
Defendant notes that the assignment agreement contemplates that the loan assignments would be "irrevocably without recourse." This is true, but it ignores the termination agreement's language that plaintiff's option of retaining designated buyback provisions would be "Notwithstanding" the terminations provided for in the assignment agreement (Warberg, 112 AD3d at 83).
We find that the parties' resort to further extrinsic evidence does nothing to resolve the ambiguity or otherwise warrant summary judgment for either side.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021